1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ROBERT ZATOR, individually and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorney's General Act ("PAGA"), | CASE NO. 09cv2577-LAB (MDD) |

**ORDER GRANTING MOTION FOR REMAND; AND**

**ORDER OF REMAND**

14  Plaintiff,

vs.

[Docket nos. 9, 20]

15

16

17  SPRINT/UNITED MANAGEMENT
COMPANY, a Kansas corporation, and
DOES 1 through 10,

18

19  Defendants.

20      Zator originally brought this wage and hour action in the Superior Court of California

21  for the County of San Diego, as an aggrieved employee under California's Private Attorneys

22  General Act (PAGA), alleging that Sprint had not properly reimbursed him and other

23  employees for business expenses.   Sprint removed this action from the Superior Court of

24  California for the County of San Diego, on the basis of diversity pursuant to 28 U.S.C.

25  § 1332.  This case is related to *Zator v. Sprint*, 09cv935-LAB (MDD) which, however, seeks

26  PAGA penalties under other theories.

27      Zator then filed a motion seeking remand, and questioning the amount in controversy.

28  Sprint pointed out that in the complaint, Zator sought civil penalties under California Labor

Code § 2699(f) and (g) in the amount of $100 for each violation per pay period for the initial violation, $200 per aggrieved employee per pay period for each subsequent violation, costs, and attorney's fees.  Sprint also pointed to citations to California Labor Code §§ 510, 1198, 201, 202, 203, and 204, and allegations that Zator and other aggrieved employees were deprived of overtime wages owed to them.

## I.      Amount in Controversy

Here, jurisdiction turns on the amount in controversy.  Where a complaint has pleaded an amount in controversy less than the jurisdictional threshold, the party seeking removal must prove to a legal certainty that the amount in controversy is met.  *Lowdermilk v. U.S. Bank N.A.,* 479 F.3d 994, 100 (9th Cir. 2007).  Where, on the other hand, the complaint pleads no amount in controversy, or the amount in controversy is ambiguous, the party seeking removal must show by a preponderance of the evidence that the amount in controversy is met.  *Guglielmino v. McKee Food Corps.*, 506 F.3d 696, 699 (9th Cir. 2007). In either case, the burden of showing the jurisdictional amount is met falls on the removing party, *i.e.*, Sprint.  *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). The removal statute is strictly construed, *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006), and if there is any doubt about the propriety of removal, the action should be remanded.  *Id.* at 690 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

The claim by one plaintiff must satisfy the $75,000 amount in controversy requirement; the claims of other aggrieved employees cannot be aggregated to reach that threshold.  *See Bernal v. Comerica Bank,* 2010 WL 3037259, *4 (C.D.Cal., July 30, 2010). While Sprint urges application of the "either viewpoint" rule,  this is primarily applicable in cases where courts are called on to set the value of injunctive relief.[1]  *See In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[W]here the value of a plaintiff's potential recovery

_____

[1] In *Pulera v. TW Construction Co., Inc.*, 2008 WL 3863489, *3 (E.D.Cal, Aug. 19, 2008), a sister court suggested that the "either viewpoint rule" should be applied only in cases where injunctive relief is sought.  The Court need not go that far, however; it is enough to say it is inapplicable here, on the basis of precedent such as *Gibson*, 261 F.3d at 944.

1   . . . is below the jurisdictional amount, but the potential cost to the defendant of complying

2   with the injunction exceeds that amount, it is the latter that represents the amount in

3   controversy for jurisdictional purposes.")   It does not mean the claims of all plaintiffs in a

4   non-CAFA action can be aggregated to reach the jurisdictional amount.   *See Gibson v.*

5   *Chrysler Corp.,* 261 F.3d 927, 944 (9th Cir.2001) ("Aggregation is appropriate only where a

6   defendant owes an obligation to the group of plaintiffs as a group and not to the individuals

7   severally.")

8          The complaint brings one cause of action, under California's Private Attorney General

9   Act (PAGA), Cal. Lab. Code §§ 2698 *et seq.*   Within this section, the complaint seeks

10   penalties for violations of Cal. Lab. Code §§ 2800, 2802 (Compl., ¶ 35), 201, 202 (*id.*, ¶ 36),

11   and 204 (*id.*, ¶ 37.)   Accordingly, the complaint seeks, on behalf of Zator and all other

12   aggrieved employees, "business expenses, unpaid wages, and/or untimely wages

13   . . . attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all

14   statutory penalties against Defendants . . ." of $100 per aggrieved employee per pay period

15   for the initial violation, plus $200 per aggrieved employee per pay period for subsequent

16   violations under both Cal. Labor Code §§ 2699 and 210.  (Compl., ¶ 38.)  The amount of

17   business expenses, unpaid wages, and untimely wages is never alleged and the parties

18   present no evidence on this point.

19          The complaint limits the recovery somewhat:

20          The amount of monetary penalties in controversy as a result of misconduct
       experienced by Plaintiff, and those attorney's fees and costs attributable to
21       recovery of PAGA penalties for Plaintiff, is less than $75,000.

22   (Compl., ¶ 2.)  This is not an overall limitation on recovery, however.  While the amount of

23   penalties and attorney's fees may be less than $75,000, the amount of other damages

24   ("business expenses, unpaid wages, and/or untimely wages") is not included.  The parties

25   present no evidence on how much these might amount to.  As in *Guglielmino*, 506 F.3d at

26   700–01, a disclaimer of some but not all forms of relief sought leaves the amount in

27   controversy uncertain.   The Court therefore applies the "preponderance" standard in

28   determining whether the amount in controversy is met.

**A.    Diversity Jurisdiction**

Paragraph 15 of the notice of removal calculates the amount in controversy as $29,000 in PAGA penalties to Zator himself, plus statutory attorney's fees of over $75,000. No amount is assigned for business expenses or unpaid wages.  The basis for penalty calculations is included in the notice, and the statutory attorney's fees calculation is supported by a declaration.

Both the notice of removal and Sprint's opposition to the motion for remand project that Zator's attorney's fees will approach or exceed $75,000.  The notice of removal, for example, is supported by the declaration of Harold Brody, who makes estimates based on his experience litigating this and similar cases. (Brody Decl. in Supp. of Notice of Removal, ¶ 6.)  *See Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D.Cal. 2002) (holding that, where attorney's fees are recoverable by statute, a reasonable estimate of attorney's fees likely to be incurred is properly included in the amount in controversy).

Brody supports his estimate with citation to the application for attorney's fees filed in *Webster v. Sprint*, Case no. 06cv4623-GW (FMO) (C.D.Cal., removed July 25, 2006), where the plaintiff was represented by the same firm now representing Zator.  In *Webster*, two of Zator's attorneys of record, who worked for the same firm now representing Zator, were listed as billing $340 per hour.  Brody also cites records showing an attorney with a level of experience similar to the third attorney billed at $475 per hour.  Based on this data, Brody estimates Zator's attorney's fees will meet or exceed $100,000 for this case.

Zator, in his motion to remand, does not dispute that his attorney's fees might reach $75,000, but he argues the attorney's fees should be attributed to all aggrieved employees. This argument is based on Cal. Lab. Code § 2699(g)(1), which provides "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs." The wording "[a]ny employee," Zator argues, means the fee recovery should be attributed to all aggrieved employees represented in the action, not just to Zator.

This argument finds some support in *Gibson*, 261 F.3d at 942.  In this pre-CAFA case, the Ninth Circuit was examining an award of attorney's fees in a class action.  Because Cal.

Code Civ. Proc. § 1021.5 provided for an award of attorney's fees "to a successful party" and not solely to the named plaintiffs, the attorney's fees should also not be attributed solely to the named plaintiffs for purposes of satisfying the amount in controversy.  The Ninth Circuit distinguished *In re Abbot Laboratories*, 51 F.3d 524, 529 (5th Cir. 1995), a case Sprint relies on.  The court noted that the different wording of Louisiana's law at issue in *Abbott* (providing for awards of fees and costs to "representative parties") was significant and that California's courts had never construed § 1021.5 as awarding fees solely to representative plaintiffs. The panel also cited various other state statutes worded similarly to California's, and pointed out courts did not allocate attorney's fees solely to named plaintiffs in those cases. 261 F.3d 942–43 (citing with approval federal cases refusing to allocate fee awards solely to named plaintiffs, where Massachusetts, Connecticut, Florida, and Georgia statutes respectively provided for fee awards to "petitioner;" "plaintiff;" "prevailing party" or "[a]ny person prevailing;" or "any person who is injured").  The issue does not appear to be whether class members actually received fees, but whether the fees were understood as attributable to their recovery.  Although a PAGA action is not a class action, the same reasoning is persuasive here, because the wording of § 2699(g) is similar.

Because the removal statute is strictly construed and doubts are resolved against jurisdiction, Sprint must show convincingly that its alternate construction is the correct one. It attempts to do so by citing *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) for the principle that a PAGA action is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties."  Sprint therefore argues the Court should view the award of attorney's fees as a substitute for an award the state would have received had it prosecuted the action on its own.  While this is a possible and reasonable interpretation, it is not so clearly correct as to resolve all doubt.  *Arias* made the cited observation for purposes of holding that nonparty employees would be bound by the judgment, in order to construe PAGA as consistent with due process rights.  *Arias* makes no clear holding whether a recovery of attorney's fees is attributable to all represented employees or solely to the representative plaintiff.

Sprint argues *Gibson* favors its position because, by uniting in a representative action, and foregoing individual suits, the aggrieved employees have united their interests. (Opp'n at 98:28–9:4) (citing Cal. Lab. Code § 2699(a)). Sprint argues that "because, if liable, Sprint owes an obligation to the group of plaintiffs as a group and not to the individuals severally." (Opp'n, 9:4–8) (quoting *Gibson* at 944) (alterations and quotation marks omitted). To accept this argument, however, is to reject the reasoning of *Gibson* that attorney's fees awarded in representative actions are at least sometimes attributable to the absent represented parties and not solely to the representative plaintiffs. Furthermore, penalties are recoverable based on particular violations of individual rights; there is no claim of liability for wrongs to the group as a whole. *See Gibson*, 261 F.3d at 945 (refusing to aggregate, where damages "can be separated into discrete and quantifiable sums [and] traced to particular transactions involving individual plaintiffs").

There is no showing how many aggrieved employees there might be, but the number appears to be large. Zator suggests they number in "the hundreds, if not thousands . . . ." (Mot. to Remand, 6:10–14.) Sprint seems to agree with this estimate, submitting a declaration stating there are 1887 potential aggrieved employees. (Salinas Decl. in Supp. of Opp'n to Mot. to Remand, ¶ 2.) Assuming as few as ten employees are aggrieved, and accepting Brody's estimate that Zator's attorney's fees may reach $100,000, the pro rata share attributable to Zator would be a mere $10,000.

The parties dispute whether all penalties Zator seeks should be counted towards the amount in controversy, or only those amounts he is eligible to receive. In view of *Gibson*'s holding regarding aggregation, the Court is inclined to believe the latter, and to agree with the Eastern District's decision in *Pulera*. At the same time, the Court need not resolve this question because even if the full amount is counted, Sprint cannot show by a preponderance of evidence that the amount in controversy is met. With the $29,000 in penalties and no showing of what other damages might be recoverable, the pro rata share of attorney's fees attributable to Zator is unlikely to bring the amount up to the jurisdictional threshold. The
/ / /

Court therefore holds Sprint has not shown by a preponderance of evidence that the jurisdictional amount in controversy is met.

### B.    CAFA Jurisdiction

In the alternative, Sprint argues that the Court can exercise jurisdiction under CAFA. Recently, however, another court in this Circuit has, after a very thorough analysis, rejected the argument that PAGA actions can be treated as class actions for purposes of CAFA. *See Sample v. Big Lots Stores*, 2010 WL 4939992 (N.D.Cal., Nov. 30, 2010).  The Court is persuaded by the reasoning of that opinion, and follows it.

### II.    Conclusion and Order

The Court concludes Sprint has not met its burden of showing jurisdiction is proper. Zator's motion for remand is therefore **GRANTED**, and this action is **REMANDED** to the Superior Court of California for the County of San Diego.


**IT IS SO ORDERED**.

DATED:  March 29, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge